J-S45005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL THOMAS FRICKER, | |
| Appellant | No. 560 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 9, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004845-2010

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 07, 2019**

Appellant, Paul Thomas Fricker, appeals from the judgment of sentence of 6 to 36 months' incarceration, followed by 2 years' probation, imposed after the court revoked a term of probation he was serving following his guilty plea to criminal attempt to commit aggravated indecent assault.  On appeal, Appellant seeks to challenge the discretionary aspects of his sentence. Additionally, his counsel, Patrick J. Connors, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant pled guilty to the above-stated offense on January 1, 2011. Pursuant to the negotiated plea, he was sentenced to 2½ to 5 years' incarceration, followed by 5 years' probation. On January 9, 2019, the court conducted a revocation of probation and resentencing hearing. There, Appellant stipulated to having committed technical violations of the conditions of his probation. N.T., 1/9/19, at 3. The court resentenced him to a term of 6 to 36 months' incarceration, with a consecutive term of 2 years' probation.

Appellant did not file a post-sentence motion, but he filed a timely notice of appeal on February 7, 2019. The court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and, in response, Attorney Connors filed a Rule 1925(c)(4) statement of his intent to file an **Anders** brief and petition to withdraw. The court issued a Rule 1925(a) opinion on March 11, 2019.

On June 14, 2019, Attorney Connors filed with this Court a petition to withdraw and an **Anders** brief, discussing the following issue that Appellant seeks to raise on appeal:

> I) Whether the term of incarceratin [*sic*] imposed herein is harsh and excessive under the circumstances due to the court's decision to render a state sentence prior to [Appellant's] making any statement[?]

**Anders** Brief at 3 (unnecessary capitalization omitted).

Attorney Connors concludes that this issue is frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin****, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders****,* counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago****.* The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago****,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan****,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Connors' **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Connors also states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief. Additionally, he attached to his petition to withdraw a letter directed to Appellant, in which he informed Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Appellant essentially takes issue with a comment by the court at the outset of the revocation/resentencing hearing. Specifically, after defense counsel requested a "county sentence" of 6 to 23 months' incarceration, the court replied, "It is not going to be a county sentence. I'll tell you that right off the bat, it is not going to be county." N.T. at 4, 5. Ultimately, the court imposed a term of incarceration of 6 to 36 months' imprisonment, ensuring that Appellant will serve his incarceration at a state correctional institution. Appellant now contends that the court's

- 4 -

> [o]rdering a state term of incarceration [was] unfair and unreasonable to [Appellant] because this determination was made by the court prior to granting [Appellant] the opportunity to make a statement on his own behalf expressing remorse for his actions. Had the court given [Appellant] the chance to express himself with his right of allocution prior to its determination that it would impose state time, the sentence imposed may have been far more lenient, as requested by [Appellant's] attorney.

> \*\*\*

> [A]lthough the court allowed [Appellant] to speak…, its expression that it was imposing a state sentence "right off the bat" indicates that [Appellant's] opportunity for allocution was meaningless.

*Anders* Brief at 10, 11.

This Court has held that, while the failure to grant a defendant the right of allocution constitutes a legal error, such a claim is nevertheless waived if not raised before the trial court. *Commonwealth v. Jacobs*, 900 A.2d 368, 377 (Pa. Super. 2006) (*en banc*). Here, Appellant did not raise before the trial court at sentencing, or in a post-sentence motion, his argument that his allocution was "meaningless" because the court had already decided the sentence it was going to impose. Accordingly, that issue is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, we would reject Appellant's argument on the merits. Initially, the court did permit Appellant to exercise his right to allocution, and Appellant stated the following:

> [Appellant]: I have had some time to reflect on this and I just like I said I have really had time to think about this and I really want to be a member of society again. I want to do what is right, get a job, pay my taxes, do stuff like that. I want to be able to do

- 5 -

what is right for the community for once, instead of just screwing up.

N.T. at 5.

It is apparent that the court concluded that Appellant's best chance at becoming a productive member of society was to serve his sentence in state prison, which has more programs to assist Appellant's rehabilitation. *See id.* at 6 (the court's declaring that state prison has "a better treatment option, that is the key"); *id.* at 7 (the court's informing Appellant that state prison was in his "best interest" because "[t]he state has better resources to help you"). The court also heard from Appellant's probation officer, who recommended a state sentence. *Id.* at 7. After accepting the probation officer's recommendation and imposing Appellant's sentence, the court ended the proceeding with the following exchange with Appellant:

> THE COURT: If you really want to get better you [have] got to push for yourself.
>
> [Appellant]: And[,] believe it or not[,] that is actually what I have been really contemplating in the last four months since I have been here.
>
> THE COURT: Well that is good.
>
> [Appellant]: I am just tired of repeating the same mistakes. It is time I grew up and put on the big boy pants.
>
> THE COURT: All right, well good luck to you. We really hope you take advantage of it.

*Id.* at 10. As Attorney Connors observes, "[t]he court's conversation with [Appellant] during the sentencing hearing indicates that the imposition of his sentence was not above the recommendation of the Board of Probation and

Parole and was not made with any partiality, prejudice, bias or ill-will." ***Anders*** Brief at 11-12.

In light of the record as a whole, we would agree with Attorney Connors. Therefore, even had Appellant preserved this claim for our review, we would conclude that the court did not abuse its sentencing discretion. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) ("When considering the merits of a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse of discretion standard.") (citation omitted). As such, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/19

- 7 -